# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LUIS RAMON VASQUEZ**, | : | |
| Petitioner | : | CIVIL ACTION NO. 3:10-0073 |
| v. | : | (NEALON, D.J.) |
| | | (MANNION, M.J.) |
| **MARY SABOL,** | : | |
| **THOMAS DECKER, and** | | |
| **ERIC HOLDER,** | : | |
| Respondents | : | |

## AMENDED REPORT AND RECOMMENDATION

Pending before the court is the petitioner's motion for a temporary restraining order and preliminary injunction. (Doc. No. 6).

By way of relevant background, on January 13, 2010, the petitioner, an alien in the custody of the Bureau of Immigration and Customs Enforcement, ("BICE"), confined at the York County Prison, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241, in which he seeks immediate release from confinement. (Doc. No. 1). An order to show cause was issued by the court on January 25, 2010. (Doc. No. 5). A response to the petition was filed on February 16, 2010. (Doc. No. 10). The petitioner filed a traverse on March 2, 2010. (Doc. No. 11). As of the date of this report, the court is awaiting supplemental briefing by the respondents.

In the meantime, on February 1, 2010, the petitioner filed the instant motion for a temporary restraining order and preliminary injunction, (Doc. No. 6), along with a supporting declaration, (Doc. No. 7), memorandum of law, (Doc. No. 8), and affidavit, (Doc. No. 9).

"Preliminary injunctive relief is 'an extraordinary remedy' and 'should be granted only in limited circumstances.'" Kos Pharm., Inc. v. Andrx Corp., 369

F.3d 700, 708 (3d Cir.2004)(citations omitted). Upon review, the relief requested in the instant motion is essentially a restatement of the request for relief requested in the petition for writ of habeas corpus. In fact, every habeas petition necessarily alleges that same basic ground for relief, (i.e., that the petitioner is being detained in violation of the Constitution, laws or treaties of the United States). Therefore, only when it is clear on the face of a petition that exceptional circumstances require immediate review of a petitioner's claims will consideration of his petition be advanced. In reviewing the instant action, there is no indication that the petitioner's claims warrant expedited consideration or his immediate release from incarceration. In fact, the initial response to the petition indicates that the petitioner is currently confined pursuant to the mandatory detention provisions of Section 236(c) of the Immigration and Nationality Act, 8 U.S.C. §1226(c)(1)(B), and has not yet received a final order of removal entitling him to relief. As such, the petitioner's motion for a temporary restraining order and preliminary injunction should be denied.

> On the basis of the foregoing, **IT IS RECOMMENDED THAT:**
> the petitioner's motion for a temporary restraining order and preliminary injunction, **(Doc. No. 6)**, be **DENIED.**

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States Magistrate Judge**

**Date:** August 16, 2010
O:\shared\REPORTS\2010 Reports\10-0073-01AMD.wpd