IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LUIS RAMON VASQUEZ | : | |
| Petitioner, | : | CIVIL NO. 10-CV-0073 |
| | : | |
| v. | : | |
| | : | (JUDGE NEALON) |
| MARY SABOL, et al., | : | |
| Respondents | : | |

FILED SCRANTON AUG 2 0 2010 PER ___ DEPUTY CLERK

### MEMORANDUM and ORDER

On January 13, 2010, Petitioner Luis Ramon Vasquez filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his continued detention by the United States Immigration and Custody Enforcement ("ICE") and seeking immediate release from confinement. (Doc. 1), citing Demore v. Kim, 538 U.S. 510 (2003) (holding that mandatory pre-final order detention under 236(c) of the Immigration and Nationality Act ("INA") does not violate the protections guaranteed under the Constitution) and Zadvydas v. Davis, 533 U.S. 678 (2001) (establishing a six-month presumptively reasonable period permitted to effectuate an alien's deportation following a final order of removal). On February 1, 2010, Petitioner filed a motion for a temporary restraining order and preliminary injunction. (Doc. 6). Respondents filed a response to the habeas petition on February 16, 2010, arguing that Petitioner is lawfully detained pursuant to Demore and the mandatory detention provision relating to criminal aliens under section 236(c) of the INA. (Doc. 10). Further, Respondents asserted that any delay in Petitioner's removal proceedings was as a result of his own actions. Id.

On August 9, 2010, Magistrate Judge Malachy E. Mannion filed a Report recommending that Petitioner's motion for a temporary restraining order and preliminary injunction, (Doc. 6), be

1

denied. (Doc. 13). The Report explained that "'[p]reliminary injunctive relief is 'an extraordinary remedy' and 'should be granted only in limited circumstances.'" Id. (citing Kos Pharm., Inc. v. Andrx Corp., 369 F.3d 700, 708 (3d Cir. 2004)). The Magistrate Judge determined that the motion simply restated the relief requested in the petition for writ of habeas corpus. Id. Further, the Report concluded that there is no indication that Petitioner's claims warrant expedited consideration and that the response to the petition indicates Petitioner has not received a final order of removal, but is confined pursuant to mandatory detention provisions. Id. Accordingly, it was recommended that the motion for a temporary restraining order and preliminary injunction be denied. Id. On August 16, 2010, Magistrate Judge Mannion filed an Amended Report and Recommendation reaching the same conclusion. (Doc. 14). After review, no error is discerned from the Reports and for the reasons discussed below, they will be adopted.[1]

Service of the Reports was attempted on Petitioner, but unsuccessful. See (Docs. 15, 16). On August 19, 2010, Respondents filed a Notice of Removal indicating that Petitioner was removed from the United States on May 19, 2010. (Doc. 17). Respondents contend that the habeas petition should therefore be dismissed as moot. Id., citing DeFoy v. McCullough, 393 F.3d 439, 441 (3d Cir. 2005) (concluding that "a petition for habeas corpus relief generally becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition").

The instant habeas petition raised only the lack of due process in Petitioner's continued detention, not the constitutional basis for detention. (Doc. 1). "The distinction between a

---

[1] The district court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report. 28 U.S.C. § 636(b)(1)(C); M.D. Pa. Local Rule 72.3.

2

challenge to detention pending removal and a challenge to removal is critical." Nguijol v. Mukasey, 2008 U.S. Dist. LEXIS 95464, *2 n.1 (M.D. Pa. 2008) (Conner, J.) (citing Kumarasamy v. Attorney General, 453 F.3d 169, 173 (3d Cir. 2006)). Where a petitioner raises solely the detention issue and is subsequently deported, the habeas petition must be dismissed as moot because it no longer presents an existing case or controversy. Alvarez v. Sabol, 2010 U.S. Dist. LEXIS 13701, *3-4 (M.D. Pa. 2010) (Jones, J.) (citing Novas v. ICE, 303 Fed. Appx. 115, 118 n.3 (3d Cir. 2008)). Here, Petitioner has already received the relief sought in the petition, namely release from custody; therefore, the habeas petition will be dismissed as moot.

Date: August 2, 2010

United States District Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

LUIS RAMON VASQUEZ :
    Petitioner, : CIVIL NO. 10-CV-0073
     :
v. :
     : (JUDGE NEALON)
MARY SABOL, et al., :
    Respondents :

## ORDER

AND NOW, this 20th day of AUGUST, 2010, **IT IS HEREBY ORDERED THAT:**

1. The Report and Recommendation (Doc. 13) and the Amended Report and Recommendation (Doc. 14) are **ADOPTED**;

2. The motion for temporary restraining order and preliminary injunction (Doc. 6) is **DENIED**;

3. The petition for writ of habeas corpus (Doc. 1) is **DISMISSED** as moot;

4. The Clerk of Court is directed to **CLOSE** this case; and

5. Any appeal will be deemed frivolous, lacking merit, and not taken in good faith.

                                                                                   **United States District Judge**